TATE, Judge.
The narrow issue of this appeal is whether or not the defendant Travelers Insurance Company is liable for legal interest. Travelers concedes its liability for the principal amount of $2600; but it appeals from *607 adverse judgment insofar as holding it liable for legal interest thereupon as well.
The present suit was originally in tort. The plaintiff sought recovery of $2600 property damage caused through the negligence of parties insured by Travelers. Before the suit was tried in tort, however, counsel for the plaintiff and counsel for Travelers entered into certain agreements to dispose of the litigation.
By supplemental pleadings, the issue finally presented for decision concerns only whether or not Travelers is liable under these agreements for legal interest upon $2600.
The plaintiff’s suit in tort was filed in 1958, based upon an accident earlier that year. Another plaintiff had filed another suit in federal court against Travelers and its insured, based upon the same accident. This federal suit will be referred to as the Raggio case.
Counsel for the present plaintiff and counsel for Travelers entered into certain agreements, per their correspondence, to conclude the present suit on the basis of the final decision to be reached in the Raggio case. The issue before this court involves the interpretation of this agreement reached by counsel.
By letter of December 8, 1958, counsel for the plaintiff, referring to earlier conversations, stated that his client was now willing to enter into an agreement to “abide by the decision in the Raggio Case”, because such arrangement would “save a lot of unnecessary time, trouble and expense on both sides.” P-1. The letter further indicated that the amount of damages suffered by this plaintiff was $2600.
By letter of December 10th, counsel for the defendant stated that he also was inclined to go along with this suggestion, but that, before doing so, it was necessary “to have satisfactory legal proof of the amount of your claim.” P-2. To this letter, counsel for the plaintiff replied by letter of December 23rd, enclosing certain purchase and repair estimates, showing a balance lost in the amount of $2650, but further stating that plaintiff would agree to accept the figure of $2600. P-3.
Following this, by letter of January 6, 1959, counsel for the defendant replied: “I am now authorized to advise you that the defendant, Travelers Insurance Company, agrees to he hound by the findings concerning negligence as it is determined in the [Raggio] case * * P-4. (Italics ours.) Counsel for Travelers concluded: “Therefore, it is my understanding that you will withhold fixing the captioned case for trial until a disposition is made in the * * * [Raggio] case.”
Counsel for the plaintiff replied on January 7th, acknowledging Travelers’s agreement “to be bound by the findings concerning negligence as may be determined in Raggio”, and further stating: “While you did not state specifically, I assume that you are satisfied with the evidence presented on the question of damages sustairied by Service Truck Line by way of the loss of its truck. If not, please advise.” P-4.
By letter of January 16th, counsel for Travelers replied, stating: “This will confirm our agreement that if the defendants are found liable in the Thibodeaux case, No. 7183, United States District Court, we will agree to pay your client for his losses up to $2,600.”[1] P-6. (Italics ours.)
Construed as a whole, the correspondence, in our opinion, unambiguously reflects that Travelers agreed “to be bound by the findings concerning negligence”, as determined in the Raggio case. See Travelers’s letter of January 6, 1959, P-4, quoted *608 above. Supplementing and confirming this agreement, the subsequent correspondence concerned only the fixing of the amount of the damages (namely, $2600) to which the plaintiff was entitled to be awarded, if Travelers was held liable in the Raggio case.
Corroborative of this intent at the time of confection of the agreement, is, for instance, the remark by counsel for Travelers that, as part of this agreement, it was his understanding that the plaintiff would “withhold fixing” the present tort suit for trial until after the Raggio case was disposed of'. P--4 quoted above.
That is, the agreement did not contem: plate the dismissal of the present suit and the accepting of $2600 in full settlement of the plaintiff’s claim, in the event that the Raggio case was decided adversely to Travelers. Rather, the language used to confect the agreement contemplated that, subject to the agreement between counsel, the present case would remain pending, to be finally disposed of in accordance with the decision as to negligence and coverage reached in the Raggio case.
Although the agreement between counsel did not refer to court costs either, we think that the effect of the agreement was to have court costs in the present suit allocated according to the liability or not of Travelers, as decided by the Raggio case. Similarly, we think that the sole effect of the agreement of the parties herein was that judgment be entered in the present proceedings in accordance with the decision of the liability or not of Travelers, as determined in the Raggio case, and that this agreement did not prejudice the plaintiff’s right to receive legal interest from date of judicial demand upon the award to be so made, to which the plaintiff was entitled by law if judgment was entered in his favor, see LSA-C.C.P. Art. 1921.
Counsel for Travelers most strongly contends that his only agreement was, if Travelers was found liable in the Raggio case, “to pay * * * [the present plaintiff] for his losses, up to $2600” (See P-6 above) — that is, that the sole agreement was to pay $2600 net, if the issue of liability was determined adversely to Travelers in the Raggio case. However, while recognizing the force of this contention, we think that, in the light of the prior correspondence, the sole intent expressed at the time, and the sole effect of this statement, was to stipulate that Travelers was liable in this suit for damages for $2600 (and not for the greater amount of $2650, see Footnote 1 above.)
Following the 1958-1959 correspondence to which we have referred, no further correspondence had taken place between counsel until 1961, when the federal jury decided the Raggio case adversely to Travelers. From this 1961 and subsequent correspondence, it is obvious that both counsel were hazy after the lapse of several years as to the details of their 1959 agreement. Nevertheless, we think the trial court correctly held that the plaintiff is entitled to enforcement of the express and unambiguous terms of the agreement between the parties reached in 1959, and in reliance upon which the plaintiff withheld further action upon his suit since that time.
Finding no error in the trial court judgment holding Travelers liable for legal interest as well as the principal amount, we affirm such judgment at the cost of Travelers.
Affirmed.
HOOD, J., dissents and assigns written reasons.